**Electronically Filed
Supreme Court
SCCQ-22-0000538
20-OCT-2022
08:46 AM
Dkt. 12 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

MATT YAMASHITA, Plaintiff-Appellant,

vs.

LG CHEM, LTD.; LG CHEM AMERICA, INC., Defendants-Appellees,

and

COILART; GEARBEST.COM; and WA FA LA INC., Defendants.

SCCQ-22-0000538

CERTIFIED QUESTIONS FROM
THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
(CASE NO. 20-17512)

OCTOBER 20, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY EDDINS, J.

In response to two certified questions from the United

States Court of Appeals for the Ninth Circuit, we examine the

relationship between Hawai'i's general long-arm statute, Hawai'i

Revised Statutes (HRS) § 634-35 (2016), and the personal

jurisdiction limitations of the Fourteenth Amendment's due process clause.

These certified questions arise from a product liability suit. Matt Yamashita, a Hawai'i resident, sued two out-of-state corporations in Hawai'i state court over an exploding electronic cigarette. The suit was removed to the United States District Court for the District of Hawai'i. There, Yamashita's complaint was dismissed for lack of personal jurisdiction. The District Court based its dismissal on a finding that the defendant's activities in Hawai'i were not the but-for cause of Yamashita's injuries, meaning that his claims did not "arise out of" the defendants' activities.

On appeal, the Ninth Circuit determined that to exercise personal jurisdiction over the defendant corporations, both Hawai'i's long-arm statute and constitutional due process must be satisfied. Finding Hawai'i precedent on the reach of Hawai'i's long-arm statute unclear in light of a recent Supreme Court case, Ford Motor Co. v. Montana Eighth Judicial District Court, 141 S.Ct. 1017 (2021), the Ninth Circuit panel certified the following questions to the Hawai'i Supreme Court:

> 1. May a Hawaii court assert personal jurisdiction over an out-of-state corporate defendant if the plaintiff's injury "relates to," but does not "arise from," the defendant's in-state acts enumerated in Hawaii's general long-arm statute? Compare Ford Motor Co. v. Montana Eighth Judicial District Court, 141 S.Ct. 1017 (2021), with Haw. Rev. Stat. § 634-35.

2

> 2. In light of Ford Motor Co. v. Montana Eighth Judicial District Court, does Hawaii's general long-arm statute, Haw. Rev. Stat. § 634-35, permit a Hawaii court to assert personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment?

We accepted these questions under Hawai'i Rules of Appellate Procedure Rule 13 and now answer "Yes" to both.

In 1965, Hawai'i adopted a long-arm statute, HRS § 634-35. This law provides that:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, the person's personal representative, to the jurisdiction of the courts of this State as to any cause of action *arising from* the doing of any of the acts . . . . (Emphasis added.)

The legislature took its language directly from an Illinois statute, which had already been construed by that state's highest court "as expanding Illinois' jurisdiction over nonresident defendants to the extent permissible by the due process clause of the Fourteenth Amendment." Cowan v. First Ins. Co. of Hawaii, Ltd., 61 Haw. 644, 649 n.4, 608 P.2d 394, 399 n.4 (1980). Thus, in Cowan we observed that "Hawaii's long-arm statute, HRS § 634-35, was adopted to expand the jurisdiction of the State's courts to the extent permitted by the due process clause of the Fourteenth Amendment." Id. at 649, 608 P.2d at 399.

Because most serious personal jurisdiction disputes end up in federal court, we have had few occasions to further consider the relationship between Hawai'i's long-arm statute and the due

process clause. When the question has arisen, we have treated Cowan as governing precedent. See e.g., Shaw v. North Am. Title Co., 76 Hawai'i 323, 327, 876 P.2d 1291, 1295 (1994) (following Cowan). Hawai'i's District Court which has fielded the majority of these cases, has done the same. See e.g., Greys Ave. Partners, LLC v. Theyers, 431 F.Supp.3d 1121, 1128 (D. Haw. 2020) (citing to Cowan) ("Hawaii's jurisdiction reaches the limits of due process set by the United States Constitution.")

The limits of due process, however, have not been static. Last year, the Supreme Court held that injuries that "relate to" but do not "arise from" (in the sense of strict causation) a defendant's in-state acts open that defendant up to personal jurisdiction in that state. See Ford Motor Co., 141 S.Ct. at 1026. That is, acts of the defendant within the state do not need to be the *cause* of the plaintiff's injury, as long as there is a sufficient relationship between the defendant and the forum. Id.

Consistent with the legislative intent identified in Cowan, Hawai'i's long-arm statute incorporates this more permissive interpretation of due process. We hold that Hawai'i's long-arm statute allows Hawai'i courts to invoke personal jurisdiction to the full extent permitted by the due process clause. As long as federal due process is satisfied, under the long-arm statute a Hawai'i court may assert personal jurisdiction over an injury

that "relates to," but does not "arise from," a defendant's in-state acts.

In certifying this question, the Ninth Circuit panel spotlighted the two-step inquiry applied in our precedent. See Norris v. Six Flags Theme Parks, Inc., 102 Hawaiʻi 203, 207, 74 P.3d 26, 30 (2003) ("Personal jurisdiction exists when (1) the defendant's activity falls under the State's long-arm statute, and (2) the application of the statute complies with constitutional due process."). If Hawaiʻi's long-arm statute incorporates the limits of due process, why does the long-arm statute occupy a separate place in the personal jurisdiction analysis? Indeed, the Hawaiʻi District Court has more than once observed that "the personal jurisdiction analysis under the Hawaii long-arm statute collapses into a single due process inquiry." Hueter v. Kruse, 576 F.Supp.3d 743, 765-66 (D. Haw. 2021). See also Lānaʻi Resorts, LLC v. Maris Collective, Inc., No. CV 21-00401 HG-KJM, 2022 WL 3084574, at *4 (D. Haw. July 13, 2022) ("The personal jurisdiction analysis under the Hawaii long-arm statute thus becomes a due process inquiry.").

Functionally, the two-step inquiry may in fact be redundant. For instance, in Kailieha v. Hayes, a non-resident Virginia doctor was sued in Hawaiʻi court over an allegedly negligent medical prescription that resulted in an automobile crash in Honolulu. 56 Haw. 306, 307, 536 P.2d 568, 569 (1975).

We first found that jurisdiction was proper under the long-arm statute because a tortious act, which includes the consequences of that act, was committed in the state. Id. But we ultimately held that due process under the Fourteenth Amendment was not satisfied, since the non-resident defendant did not have sufficient contacts with Hawai'i. Id. at 312, 536 P.2d at 572. As the more restrictive requirement, the personal jurisdiction issue could have been resolved in Kailieha by skipping straight to an examination of federal due process.

To the extent that this collapsed inquiry yields the same practical result as the two-step test, the method currently used by the District Court in Hawai'i is not improper. But there is value in remembering that personal jurisdiction rests on both negative federal limits and positive state assertions of jurisdiction. That the legislature has chosen to align the inquiry into personal jurisdiction in Hawai'i with an inquiry into constitutional due process limits does not mean this must always be the case.

James J. Bickerton,
Jeremy Kyle O'Steen,
for Plaintiff-Appellant

Stefan Reinke,
Wendy Sabina Dowse,
for Defendants-Appellees

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

