**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000747
23-APR-2026
07:56 AM
Dkt. 74 SO**

NO. CAAP-23-0000747

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL W. HALE, Plaintiff/Counterclaim Defendant-Appellant,
v.
LLOYD'S, LONDON, aka LLOYD'S, LONDON, aka LLOYD'S, aka THE
SOCIETY, aka THE CORPORATION OF LLOYD'S, aka THE SOCIETY OF
LLOYD'S, CERTAIN UNDERWRITERS AT LLOYD'S LONDON; BORISOFF
INSURANCE SERVICES, INC., dba MONARCH E&S INSURANCE SERVICES;
ARMS CLAIMS INCORPORATED d/b/a AFFIRMATIVE RISK MANAGEMENT;
PYRAMID INSURANCE CENTRE, LTD.; JERRY G. MANIN; and CHRISTINE
MICHELLE GUMBS, Defendants-Appellees, and
SPECIALIZED LOAN SERVICING LLC,
Defendant/Counterclaimant-Appellee,
(CASE NO. 3CC191000143)

_____

MICHAEL W. HALE, Plaintiff-Appellant,
v.
LLOYD'S, LONDON, aka LLOYD'S, LONDON, aka LLOYD'S, aka THE
SOCIETY, aka THE CORPORATION OF LLOYD'S, aka THE SOCIETY OF
LLOYD'S; CERTAIN UNDERWRITERS AT LLOYD'S LONDON identified as
LLOYD'S SYNDICATE NO. 2003, LLOYD'S SYNDICATE NO. 318, LLOYD'S
SYNDICATE NO. 4020, LLOYD'S SYNDICATE NO. 2121, LLOYD'S
SYNDICATE NO. 2007, LLOYD'S SYNDICATE NO. 2283 AND LLOYD'S
SYNDICATE NO. 1729; BORISOFF INSURANCE SERVICES, INC., dba
MONARCH E&S INSURANCE SERVICES; ARMS CLAIMS INCORPORATED, d/b/a
AFFIRMATIVE RISK MANAGEMENT; ILIKEA, LLC, d/b/a MOA INSURANCE
SERVICES HAWAI'I; JUDY MOA; Defendants-Appellees,
(CASE NO. 3CCV-20-0000137)

_____

GREGORY C. DENCKER and CAROL K. DENCKER, husband and wife, and CHAMPAGNE COVE, LLC, Plaintiffs-Appellants,
v.
LLOYD'S, LONDON, aka LLOYD'S, LONDON, aka LLOYD'S, aka THE SOCIETY, aka THE CORPORATION OF LLOYD'S, aka THE SOCIETY OF LLOYD'S; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. HGMH17407 identified as LLOYD'S SYNDICATE NO. 2003, LLOYD'S SYNDICATE NO. 318, LLOYD'S SYNDICATE NO. 4020, LLOYD'S SYNDICATE NO. 2121, LLOYD'S SYNDICATE NO. 2007, LLOYD'S SYNDICATE NO. 2283 AND LLOYD'S SYNDICATE NO. 1729, alien surplus lines insurers in the State of Hawai‘i; BORISOFF INSURANCE SERVICES, INC., dba MONARCH E&S INSURANCE SERVICES; ARMS CLAIMS INCORPORATED, d/b/a AFFIRMATIVE RISK MANAGEMENT; PYRAMID INSURANCE CENTRE, LTD.; JERRY G. MANIN, Defendants-Appellees
(CASE NO. 3CCV-20-0000144)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

The underlying consolidated cases arise out of Plaintiff/Counterclaim Defendant-Appellant Michael W. Hale (**Hale**) and Plaintiffs-Appellants Gregory C. Dencker, Carol K. Dencker (the **Denckers**), and Champagne Cove, LLC's (collectively, **Appellants**) insurance claims for property damage caused by a volcanic eruption on the island of Hawai‘i.[1]  On February 16, 2023, the Circuit Court of the Third Circuit[2] (**circuit court**) entered its "Findings of Fact, Conclusions of Law, and Order Granting Defendant[-Appellee] Society of Lloyd's [(**Lloyd's**)]

---

[1]     The three underlying cases are case nos. 3CC191000143, 3CCV-20-0000137, and 3CCV-20-0000144.  The plaintiff in case nos. 3CC191000143 and 3CCV-20-0000137 is Hale.  The plaintiffs in case no. 3CCV-20-0000144 are the Denckers and Champagne Cove, LLC.  The circuit court consolidated the three cases under case no. 3CC191000143.

[2]     The Honorable Henry T. Nakamoto presided.

Renewed Motion to Dismiss [Lloyd's] for Lack of Personal Jurisdiction Filed July 18, 2022 [DKT. 874]" (**Dismissal Order**). On July 5, 2023, the circuit court entered its "Order Denying '[Appellants'] Motion for Reconsideration, Rehearing and Relief from [Dismissal Order]' Filed February 22, 2023 [Dkt. 957]" (**Order Denying Reconsideration**).

Appellants appeal from the Order Denying Reconsideration. This is an interlocutory appeal filed pursuant to Hawaii Revised Statutes (**HRS**) § 641-1(b) (2016) and the circuit court's November 24, 2023 "Order Granting [Appellants'] Motion for Leave to File an Interlocutory Appeal from [the Circuit Court's] [Order Denying Reconsideration]" (**Order Granting Leave**).

Appellants raise five points of error on appeal, contending that the circuit court erred by: (1) reaching conclusions that "are plain error under [Yamashita v. LG Chem, Ltd., 152 Hawaiʻi 19, 518 P.3d 1169 (2022)] (the 'related to' doctrine) and [Womble Bond Dickinson (US) LLP v. Kim, 153 Hawaiʻi 307, 537 P.3d 1154 (2023) ]('conspiracy jurisdiction')"; (2) "reject[ing] [Appellants'] experts' reports that illustrated [Lloyd's'] involvement in a scheme of secret price fixing insurance policies in all the counties in the State of Hawaii"; (3) "failing to consider admissible evidence in the form of affidavits by [Appellants'] expert witnesses and declarations

made by [Appellants] that [Appellants] submitted in support of their Opposition to [Lloyd's'] Renewed Motion to Dismiss"; (4) "fail[ing] to set aside its [Dismissal Order]"; and (5) "fail[ing] to recognize jurisdiction over [Lloyd's] under HRS [§] 480-4(a)[,](b) [(2008)]."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows[3]:

(1) We first consider the matter of our jurisdiction over Appellants' points of error 2 and 3, which contend that the circuit court erred by "reject[ing]" and "failing to consider" evidence that Appellants submitted in opposition to "[Lloyd's'] Renewed Motion to Dismiss for Lack of Personal Jurisdiction" (**Renewed Motion to Dismiss**). See State by Off. of Consumer Prot. v. Joshua, 141 Hawaiʻi 91, 95, 405 P.3d 527, 531 (2017) ("The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. A court always has jurisdiction to determine whether it has jurisdiction over a particular case." (cleaned up)). These points of error challenge rulings reflected in the circuit court's Dismissal

---

[3]     We consolidate and address Appellants' points of error out of order.

Order that Appellants did not raise as a basis for reconsideration.

Appellants' interlocutory appeal is taken pursuant to HRS § 641-1(b), which provides that,

> **an appeal in a civil matter may be allowed by a circuit court** in its discretion from an order denying a motion to dismiss or **from any interlocutory judgment, order, or decree** whenever the circuit court may think the same advisable for the speedy termination of litigation before it.

(Emphasis added.) On August 3, 2023, Appellants filed "[Appellants'] Motion for Leave to File an Interlocutory Appeal from [the Circuit Court's] [Order Denying Reconsideration]" (**Motion for Leave**). As its title reflects, Appellants' Motion for Leave expressly sought leave to appeal from the *Order Denying Reconsideration*; nowhere in the Motion for Leave did Appellants request leave to appeal from the Dismissal Order. The circuit court's Order Granting Leave correspondingly authorized Appellants to file an interlocutory appeal from the Order Denying Reconsideration.

Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 3(c)(2) states that "[t]he notice of appeal shall designate the judgment, order, or part thereof and the court or agency appealed from," and requires that a copy of the judgment or order be attached as an exhibit. Appellants' Notice of Interlocutory Appeal specifically designated that Appellants

were appealing from the Order Denying Reconsideration, and did not reference or attach the Dismissal Order.

On this record, we conclude that Appellants are appealing from the Order Denying Reconsideration only, and not from the Dismissal Order. We therefore lack appellate jurisdiction to address points of error 2 and 3.

(2) Appellants' remaining points of error contend the circuit court has jurisdiction over Lloyd's pursuant to Yamashita and Womble Bond, and that it therefore "committed plain error when it failed to set aside its [Dismissal Order]."[4] We review the circuit court's denial of "[Appellants'] Motion for Reconsideration, Rehearing and Relief from [Dismissal Order]" (**Motion for Reconsideration**) for abuse of discretion. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002). "[T]he existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." Captain Andy's Sailing, Inc. v. Dep't of Land & Nat. Res., 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (citation omitted).

The Hawai'i Supreme Court issued the Yamashita opinion after the circuit court heard Lloyd's' Renewed Motion to

---

[4] Appellant contends, as point of error 5, that the circuit court erred "when it failed to recognize jurisdiction over [Lloyd's] under HRS [§] 480-4(a)[,](b)." This point is waived to the extent that Appellants fail to make a discrete argument in support of this contention. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

Dismiss. In Yamashita, the Hawai‘i Supreme Court held that "Hawai‘i's long-arm statute allows Hawai‘i courts to invoke personal jurisdiction to the full extent permitted by the due process clause," and that "a Hawai‘i court may assert personal jurisdiction over an injury that 'relates to,' but does not 'arise from,' a defendant's in-state acts" so long as federal due process is satisfied. 152 Hawai‘i at 21, 518 P.3d at 1171. Appellants premised their Motion for Reconsideration of the Dismissal Order on the contention that Appellants' alleged injury "relates to" Lloyd's' contacts in Hawai‘i, and that, pursuant to Yamashita, the circuit court should have invoked personal jurisdiction over Lloyd's on that basis.

The circuit court addressed Yamashita in its Order Denying Reconsideration. It concluded, in relevant part, that:

> 4. While the [Appellants] cite [Yamashita] and the Court recognizes that the Hawai‘i Supreme Court establishes the standard for personal jurisdiction as being that a plaintiff's injury need only "relate to" and "not arise from" a defendant's minimum contacts, the Court finds that this distinction is not applicable in the Consolidated Cases.

> 5. In the instant Consolidated Cases, the Court allowed extensive jurisdictional discovery and found that [Appellants] alleged no facts supporting the contention that [Lloyd's] purposefully directed activities in Hawai‘i. The Court did not need to reach the stage of assessing the relationship between the contacts [Lloyd's] has with the State of Hawai‘i and the injury to the [Appellants], because the Court found that no facts establish such contacts.

We determine that the circuit court's conclusions are not wrong. Yamashita does not provide a basis for the circuit court's assertion of personal jurisdiction over Lloyd's.

7

The Hawaiʻi Supreme Court issued the Womble Bond opinion after the circuit court entered its Order Denying Reconsideration, and after Appellants subsequently moved for leave to file an interlocutory appeal. In Womble Bond, the Hawaiʻi Supreme Court recognized "conspiracy jurisdiction" as "allow[ing] [the] court to invoke jurisdiction over a conspiring out-of-state defendant." 153 Hawaiʻi at 314, 537 P.3d at 1161. A plaintiff asserting conspiracy jurisdiction must show: "(1) a conspiracy[;] (2) in which the defendant participated[;] and (3) a co-conspirator's overt act within the forum, subject to the long-arm statute and in furtherance of the conspiracy." Id. (citation omitted). "[The] plaintiff must plead with particularity, or upon challenge show, the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." Id. at 315, 537 P.3d at 1162 (citation omitted).

"Where personal jurisdiction is at issue, [the court] look[s] to the allegations of the complaint to determine jurisdiction." Shaw v. N. Am. Title Co., 76 Hawaiʻi 323, 326, 876 P.2d 1291, 1294 (1994) (cleaned up). Appellants alleged below that Lloyd's participated in a "conspiracy" involving "a price-fixing scheme taking place in Hawaiʻi's insurance market." Appellants' conspiracy allegations must be considered in light of Womble Bond. Generally, "[w]hen there is a change in the law by court decision between the time of the trial court ruling and

the time of appeal, the appellate court applies the law prevailing at the time of the appellate disposition." Jackson v. Jackson, 84 Hawaiʻi 319, 332, 933 P.2d 1353, 1366 (App. 1997) (citations omitted). However, where the trial court has not addressed an issue that requires application of the prevailing law to the factual record, as is the case here, we decline to address the issue in the first instance. See Paul v. Dep't. of Transp., 115 Hawaiʻi 416, 428, 168 P.3d 546, 558 (2007) (observing that "[i]n determining whether to address a new issue raised on appeal," an appellate court must consider, inter alia, "whether consideration of the issue requires additional facts" (citations omitted)).

For the foregoing reasons, we affirm the interlocutory Order Denying Reconsideration.[5]

DATED: Honolulu, Hawaiʻi, April 23, 2026.

| On the briefs: | /s/ Karen T. Nakasone<br>Chief Judge |
|---|---|
| Stanley H. Roehrig,<br>for Plaintiff/Counterclaim<br>Defendant-Appellant and<br>Plaintiffs-Appellants. | /s/ Katherine G. Leonard<br>Associate Judge |
| David P. Jordan,<br>for Defendant-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |

---

[5] Pursuant to HRAP Rule 34(c), the Appellants' February 6, 2026 Motion for Retention of Oral Argument is denied.