**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000112
24-APR-2026
07:53 AM
Dkt. 74 SO**

NO. CAAP-24-0000112

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARYANNE CSIZMAZIA, as Executrix for
the Estate of BRIAN MCCOY, Plaintiff-Appellant,
v.
SHELAGH BRADY, an individual, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-23-0000088)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant Maryanne Csizmazia (**Csizmazia**) appeals from the "Order Granting Defendant[-Appellee] Shelagh Brady's [(**Brady**)] Motion to Dismiss Filed October 17, 2023" (**Dismissal Order**), entered on January 30, 2024 by the Circuit Court of the Second Circuit (**circuit court**).[1]

This matter arises out of a Complaint, filed in March 2023, by Csizmazia, as Committee[2] and Attorney in Fact for Brian

---

[1]     The Honorable Kelsey T. Kawano presided.

[2]     It appears that, in Canada, a "Committee" is akin to a court-appointed guardian or personal representative.

McCoy (**Brian**).[3]  The Complaint alleged that Brady "wrongfully took advantage of her disabled brother Brian by using [her power of attorney for Brian] to take for her own use substantial funds from the sale of his investment property in Maui, thereby unjustly enriching herself at his expense."  Brady, a citizen of Canada, filed a "Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Stay Proceedings" (**Motion to Dismiss**).  Following a hearing, the circuit court granted the Motion to Dismiss, on the grounds that it lacked personal jurisdiction over Brady, and entered the Dismissal Order.  In July 2024, on temporary remand, the circuit court entered its Final Judgment.

On appeal, Csizmazia raises two points of error, contending that the circuit court erred in entering its Dismissal Order because: (1) "[Csizmazia] made a prima facie showing that [Brady's] activities in Hawai'i fall into a category specified by Hawai'i's long-arm statute in order to establish specific jurisdiction"; and (2) "[Csizmazia] made a prima facie showing that [Brady] purposefully and continuously interjected herself into the forum state such that [the] constitutional due process requirements are satisfied."

---

[3]     Csizmazia filed the Complaint on behalf of Brian and, following his death during the pendency of the trial court proceedings, was substituted as executrix for Brian's estate.

2

We review the circuit court's Dismissal Order de novo. City & Cnty. of Honolulu v. Sunoco LP, 153 Hawaiʻi 326, 340, 537 P.3d 1173, 1187 (2023). Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Csizmazia's contentions of error as follows.

In Yamashita v. LG Chem, Ltd., the Hawaiʻi Supreme Court held that "Hawaiʻi's long-arm statute incorporates the limits of due process," and accepted that "the personal jurisdiction analysis under the Hawai[ʻ]i long-arm statute" can be "collapse[d] into a single due process inquiry." 152 Hawaiʻi 19, 21-22, 518 P.3d 1169, 1171-72 (2022) (citations omitted). Thus, "[a]s long as federal due process is satisfied, under the long-arm statute a Hawaiʻi court may assert personal jurisdiction over an injury that 'relates to,' but does not 'arise from,' a defendant's in-state acts." Id. at 21, 518 P.3d at 1171.

The following three-part test applies in determining whether due process is satisfied:

> (1) the nonresident defendant must purposefully avail itself of the privilege of conducting activities within the forum state; (2) plaintiff's claims must arise out of or relate to the defendant's contacts within the forum; and (3) the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice.

Womble Bond Dickinson (US) LLP v. Kim, 153 Hawai'i 307, 313, 537 P.3d 1154, 1160 (2023) (cleaned up).

With regard to the third prong of the test, "[t]he exercise of specific jurisdiction must 'comport with fair play and substantial justice, i.e. it must be reasonable.'" Sunoco LP, 153 Hawai'i at 345, 537 P.3d at 1192 (quoting In re Doe, 83 Hawai'i 367, 374, 926 P.2d 1290, 1297 (1996)). The Hawai'i Supreme Court has adopted the following seven-factor test to aid in determining whether the exercise of jurisdiction is reasonable:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of any conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) concerns of judicial efficiency; (6) the significance of the forum to the plaintiff's interest in relief; and (7) the existence of alternative fora.

Id. at 346, 537 P.3d at 1193 (citation omitted).

We conclude that the above factors do not weigh in favor of exercising jurisdiction over Brady. Csizmazia contends that Brady has had "continuous and systematic" contacts with Hawai'i, having been a frequent visitor to Hawai'i "both for recreation and for visits with family, including to help her brother Brian in 2017." Csizmazia points in particular to Brady's role in facilitating the sale of Brian's property, namely the sale of his 51% interest in a Maui rental property,

4

the proceeds of which (amounting to $264,768) were deposited into a joint Hawai'i bank account held by Brian and Brady.[4]

The record reflects that Brady traveled to Hawai'i in 2017, following Brian's debilitating medical emergency, to help Brian put his personal and financial affairs in order. Csizmazia and Brian did not know each other at the time; Brady was the only person available to help Brian and had to come here from Canada to do so. Brady arranged for Brian to live in a care home on Maui. It was there that Brian met Csizmazia. Brady's "purposeful interjection into the forum state's affairs" was thus limited to caring for Brian and tending to his affairs after his medical emergency.[5] The money from the sales of Brian's properties were either used to satisfy outstanding expenses and debts or transferred into a Canadian bank account. Brian, himself, relocated to Canada in July 2017. Csizmazia followed Brian to Canada. Upon Brian's passing in 2023, Brian had no bank accounts or property in Hawai'i. Brian's estate is being probated in Canada, where a will contest remains pending.

On this record, we conclude that the burden on Brady, a Canadian citizen, to defend a proceeding in Hawai'i is

---

[4] Brady represents that she used the money to pay Brian's hospital and medical expenses, as well as his outstanding debts related to a farm he partially owned.

[5] It is undisputed that Brady held power of attorney for Brian at the time of the property sale.

exceedingly high.  Moreover, "the forum state's interest in adjudicating the dispute" is minimal, "the significance of the forum to [Csizmazia's] interest in relief" is low, and "alternative fora" exist in which to resolve the matter.  In this regard, the present matter has the potential to "conflict with the sovereignty" of Canada, where legal proceedings relating to Brian's estate are pending.  And, for all of the reasons discussed supra, exercising jurisdiction over Brady would raise "concerns of judicial efficiency" for Hawai'i courts.  Under these circumstances, we conclude that the exercise of personal jurisdiction over Brady by Hawai'i courts is not reasonable, and would therefore not comport with "traditional notions of fair play and substantial justice."

The circuit court was not wrong in determining that Csizmazia failed to establish a prima facia case of personal jurisdiction.  We therefore affirm the Final Judgment.

DATED: Honolulu, Hawai'i, April 24, 2026.

On the briefs:

Timothy Vandeveer,
for Plaintiff-Appellant.

Adam G. Lang,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge